UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RAFAEL ZAMORA ZAMORA,
Petitioner,

v.

DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement; PATRICK DIVVER, Director of Field Operations, San Diego Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center,
Respondents.

Case No.: 3:26-cv-03993-LEK-JAC

**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241**

Before this Court is Petitioner Rafael Zamora Zamora's ("Petitioner") Verified Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 ("Petition"), filed on July 11, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as David Venturella, Acting Director, Immigration and Customs Enforcement ("ICE"); Patrick Divver, Director of Field Operations, San Diego Field Office, ICE; Kristi Noem, Secretary, U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General; and Christopher J. LaRose, Warden, Otay Mesa Detention Center ("Respondents"), filed a return to the Petition ("Return") on July 20, 2026. [Dkt. no. 4.]

Petitioner, a citizen of Mexico, entered the United States without inspection in 2000. He claims to have continuously resided in the United States since his entrance

over twenty-five years ago. See Petition at ¶ 45. He is married to a United States citizen and has a child who is also a United States citizen. See id. at ¶ 46. Petitioner alleges that he has was apprehended by ICE agents on July 4, 2026. As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center in San Diego, California. See id. at ¶¶ 1-2. Petitioner alleges he is entitled to, *inter alia*, release, or in the alternative, a bond hearing pursuant to Title 8 United States Code Section 1226(a). See id. at pg. 17.

Respondents state "that Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] Respondents, however, "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." [Id. (collecting cases).] Respondents, therefore, "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.]

After the Petition was fully briefed, the Ninth Circuit Court of Appeals issued its opinion in Rodriguez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having entered the United States without inspection in 2000, see Petition at ¶¶ 45, 48, the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. Accordingly, this Court grants Petitioner's request for a bond hearing.[1] In addition, this Court makes the following orders regarding the bond hearing:

---

[1] In light of this Court's determination that Petitioner is entitled to a bond hearing, this Court need not address Petitioner's Fifth Amendment due process claim, [Petition at pg. 16]. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case" (quotation marks and citation omitted)).

-the hearing must be held within seven days after the filing of this order;[2]

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 17. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Rafael Zamora Zamora's Verified Petition for Writ of Habeas Corpus 28 U.S.C. § 2241, filed July 11, 2026, is GRANTED

---

[2] This Court denies Respondents' request to allow Petitioner's individualized bond hearing to be held within fourteen days after the filing of this order. See Response at 3 n.2. Petitioner's interest in an expeditious remedy for the violation of his statutory rights outweighs the general concerns cited by Respondents. If there is a **case-specific** reason why Petitioner's individualized bond hearing cannot be held within seven days, Respondents may file a motion to extend the deadline. Respondents' motion must, at a minimum, establish the reason why an extension is necessary through a declaration or other supporting documents.

IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) within seven days of the filing of this Order. Respondents are FURTHER ORDERED to conduct the individualized bond hearing consistent with the terms of this Order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing by **August 18, 2026**.

DATED AT HONOLULU, HAWAII, August 4, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**RAFAEL ZAMORA ZAMORA VS. DAVID VENTURELLA, ETC. ET AL; 3:26-cv-03993 LEK-JLB; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**